GAUL, BARATTA & ROSELLO, LLC
100 Hanover Avenue
Cedar Knolls, New Jersey 07927
Telephone - 973-539-5900
Fax - 973-539-0059
Attorneys for Plaintiff, Tamara Kalesnik
Attorney Identification No. 044652011

**UNITED STATES DISCTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TAMARA KALESNIK | : |
| | : **CIVIL DOCKET NO.** |
| **Plaintiff,** | : |
| | : |
| v. | : |
| | : |
| BROOKFIELD FINANCIAL | : **COMPLAINT, JURY DEMAND** |
| PROPERTIES, L.P., ABM JANITORIAL | : **& DESIGNATION OF TRIAL** |
| SERVICES NORTHEAST, INC., ONE | :  **COUNSEL** |
| NY PLAZA COMPANY, LLC, BOP | : |
| PROPERTIES HOLDINGS LLC, | : |
| BROOKFIELD OFFICE PROPERTIES, | : |
| INC., BROOKFIELD ASSET | : |
| MANAGEMENT, INC., JOHN DOE 1-10, | : |
| JANE DOES 1-10, ABC CORPS. 1-10 | : |
| | : |
| **Defendants.** | : |
| | : |

TO THE HONORABLE JUDGE OF THE UNTIED STATES DISTRCIT COURT FOR THE DISTRICT OF NEW JERSEY:

Plaintiff, Tamara Kalesnik, residing at 155 Washington Street, Apt., 207, Jersey City, New Jersey 07302, by way of Complaint against the listed defendants respectfully says that:

**JURISDICTION**

1. At all relevant times herein, plaintiff, Tamara Kalesnik, was and is a Citizen of and resides in the State of New Jersey.

2. At all relevant times herein, Brookfield Financial Properties, L.P., a Delaware limited partnership, had its principal place of business at 250 Vesey Street Manhattan, New York 10004.

3. At all relevant times herein, ABM Janitorial Services Northeast, Inc., a Delaware corporation, had its principal place of business at 551 Fifth Avenue, Suite 300, New York, New York 10176.

4. At all relevant times herein, One NY Plaza Company, LLC, a Delaware limited liability company, had its principal place of business at One New York Plaza, Manhattan, New York 10004.

5. At all relevant times herein, BOP Properties Holdings, LLC, a Delaware limited liability company, had its principal place of business at 250 Vesey Street Manhattan, New York 10004.

6. At all relevant times herein, defendants Brookfield Office Properties, Inc., incorporated under the Canada Business Corporations Act on September 5, 1978, had its principal place of business at 181 Bay Street, Suite 330, Toronto, Ontario M5J 2T3, Canada.

7. At all relevant times herein, Brookfield Asset Management, Inc., organized under the Canada Business Corporations Act, had its principal place of business at 181 Bay Street, Suite 330, Toronto, Ontario M5J 2T3, Canada.

8. As such, diversity of citizenship within the meaning of 28 U.S.C. 1332 exists.

9. This matter involves a slip and fall down accident in which plaintiff, Tamara Kalesnik, sustained very serious injuries including but not limited to a fracture of her right foot resulting in percutaneous reduction with internal fixation and fracture of her left foot resulting in resection of exostosis posterior calcaneal and reattachment of Achilles tendon.

10. Given the nature, extent, duration and permanency of the injuries sustained by plaintiff, Tamara Kalesnik, the fair and reasonable value of plaintiff's injuries would far exceed the jurisdictional limit of $75,000.

11. Therefore, jurisdiction in the United States District Court, District of New Jersey, is appropriate.

## FIRST COUNT

1. On or about February 10, 2015, plaintiff was lawfully upon a premises located in and around the area of 1 New York Plaza, New York, New York 10004, in the Borough of Manhattan, County of New York, State of New York.

2. At all relevant times, defendants Brookfield Financial Properties, L.P., ABM Janitorial Services Northeast, Inc., One NY Plaza Company, LLC, BOP Properties Holdings, LLC, Brookfield Office Properties, Inc., Brookfield Asset Management, Inc., John Doe 1-10, Jane Doe 1-10 and ABC Corp. 1-10, and/or their division/subdivisions/subsidiaries owned property, did business, advertised, employed, marketed, and offered goods and services in the State of New Jersey.

3. At all relevant times, defendants Brookfield Financial Properties, L.P., ABM Janitorial Services Northeast, Inc., One NY Plaza Company, LLC, BOP Properties Holdings, LLC, Brookfield Office Properties, Inc., Brookfield Asset Management, Inc., John Doe 1-10, Jane Doe 1-10 and ABC Corp. 1-10 owned a property located at 1 New York Plaza, New York, New York.

4. At said time and place, the plaintiff was caused to fall while walking upon said

premises due to the negligence, carelessness, and/or recklessness of the defendant(s).

5. The defendants were negligent, careless, and/or reckless in that they including, but not limited to:

(a) Did not keep the premises in a safe condition;

(b) Did not exercise due and proper care;

(c) Caused a dangerous and hazardous condition to exist;

(d) Failed to provide proper safeguards and warnings on its property;

(e) Failed to provide proper safe and clear access for persons allowed and invited to use said property, including the plaintiff; and

(f) Was otherwise negligent in the premises.

6. Defendants Brookfield Financial Properties, L.P., ABM Janitorial Services Northeast, Inc., One NY Plaza Company, LLC, BOP Properties Holdings, LLC, Brookfield Office Properties, Inc., Brookfield Asset Management, Inc., John Doe 1-10, Jane Doe 1-10 and ABC Corp. 1-10 are/were vicariously liable for the negligence, carelessness, and/or recklessness of their agents, servants, and/or employees.

7. As a direct and proximate result of the negligence, carelessness, and/or recklessness of the defendants as aforesaid, the plaintiff was caused to suffer severe and permanent bodily injuries, has suffered and will in the future continue to suffer great and excruciating pain in mind and body, has and will continue to lose enjoyment of life, has become and will in the future continue to be sick sore, lame, disabled and prevented from performing and tending to her duties, affairs and foreseeable activities, and has expended and will in the future continue to expend large sums of money for necessary medical care and attention in an attempt to effect a cure.

**WHEREFORE**, plaintiff respectfully demands judgment against the defendants jointly, severally or in the alternative for compensatory damages, interest, costs of suit, and such other relief as the court deems just and proper.

## SECOND COUNT

1. Plaintiff repeats and realleges the allegations contained in the First Count of the Complaint as if set forth herein at length.

2. At all relevant times, defendants Brookfield Financial Properties, L.P., ABM Janitorial Services Northeast, Inc., One NY Plaza Company, LLC, BOP Properties Holdings, LLC, Brookfield Office Properties, Inc., Brookfield Asset Management, Inc., John Doe 1-10, Jane Doe 1-10 and ABC Corp. 1-10 managed, controlled, and/or were otherwise responsible for the upkeep, quality, maintenance and/or repair of the premises, including the interior and exterior walking areas in and around the area where plaintiff was caused to fall.

3. The defendants were negligent, careless, and/or reckless in that they including, but not limited to:

    (a) Did not keep the premises in a safe condition;

    (b) Did not exercise due and proper care;

    (c) Caused a dangerous and hazardous condition to exist;

    (d) Failed to provide proper safeguards and warnings on its property;

    (e) Failed to provide proper, safe and clear access for persons allowed and invited to use said property, including the plaintiff; and

    (f) Was otherwise negligent in the premises.

4. Defendants Brookfield Financial Properties, L.P., ABM Janitorial Services Northeast, Inc., One NY Plaza Company, LLC, BOP Properties Holdings, LLC, Brookfield

GAUL, BARATTA
&
ROSELLO, LLC
ATTORNEYS AT LAW
100 HANOVER AVENUE
CEDAR KNOLLS, NJ 07927

Office Properties, Inc., Brookfield Asset Management, Inc., John Doe 1-10, Jane Doe 1-10 and ABC Corp. 1-10 are/were vicariously liable for the negligence, carelessness, and/or recklessness of their agents, servants, and/or employees.

5. As a direct and proximate result of the negligence, carelessness, and/or recklessness of the defendants as aforesaid, the plaintiff was caused to suffer severe and permanent bodily injuries, has suffered and will in the future continue to suffer great and excruciating pain in mind and body, has and will continue to lose enjoyment of life, has become and will in the future continue to be sick, sore, lame, disabled and prevented from performing and tending to her duties, affairs and foreseeable activities, and has expended and will in the future continue to expend large sums of money for necessary medical care and attention in an attempt to effect a cure.

**WHEREFORE**, plaintiff respectfully demands judgment against the defendants jointly, severally or in the alternative for compensatory damages, interest, costs of suit, and such other relief as the court deems just and proper.

### THIRD COUNT

1. Plaintiff repeats and realleges all of the allegations in the First and Second Counts of the Complaint as if set forth herein at length.

2. The defendants John Doe 1-10, Jane Doe 1-10 and ABC Corp. 1-10 (fictitious individuals and business entities whose identities are presently unknown), owned, managed, maintained, and/or controlled the property located at 1 New York Plaza, New York, New York in the Borough of Manhattan, County of New York, State of New York.

3. The defendants John Doe 1-10, Jane Doe 1-10 and ABC Corp. 1-10 (fictitious

individuals and business entities whose identities are presently unknown), negligently, carelessly, and/or recklessly owned, managed, maintained, repaired, and/or controlled the premises, causing plaintiff to fall.

4. The defendants were negligent, careless, and/or reckless in that they including, but not limited to:

    (a) Did not keep the premises in a safe condition;

    (b) Did not exercise due and proper care;

    (c) Caused a dangerous and hazardous condition to exist;

    (d) Failed to provide proper safeguards and warnings on its property;

    (e) Failed to provide proper, safe and clear access for persons allowed and invited to use said property, including the plaintiff; and

    (f) Was otherwise negligent in the premises.

5. The defendants are/were vicariously liable for the negligence, carelessness, and/or recklessness of their agents, servants, and/or employees.

6. As a direct and proximate result of the negligence, carelessness, and/or recklessness of the defendants as aforesaid, the plaintiff was caused to suffer severe and permanent bodily injuries, has suffered and will in the future continue to suffer great and excruciating pain in mind and body, has and will continue to lose enjoyment of life, has become and will in the future continue to be sick, sore, lame, disabled and prevented from performing and tending to her duties, affairs and foreseeable activities, and has expended and will in the future continue to expend large sums of money for necessary medical care and attention in an attempt to effect a cure.

**WHEREFORE**, plaintiff respectfully demands judgment against the defendants jointly,

GAUL, BARATTA
&
ROSELLO, LLC
ATTORNEYS AT LAW
100 HANOVER AVENUE
CEDAR KNOLLS, NJ 07927

severally or in the alternative for compensatory damages, interest, costs of suit, and such other relief as the court deems just and proper.

## JURY DEMAND

Plaintiff, Tamara Kalesnik, hereby demands a trial by a jury of all issues.

## CERTIFICATION

I hereby certify that the present matter in controversy is the subject of other actions pending in New Jersey Superior Court, Docket No. HUD-L-333-16, and no arbitration proceeding is contemplated to the best of my knowledge and belief.

>GAUL, BARATTA & ROSELLO
>Attorneys for Plaintiff, Tamara Kalesnik
>
>By_____
>    s/COREY GAUL, ESQ.

## DESIGNATION OF TRIAL COUNSEL

The firm of Gaul, Baratta & Rosello, attorneys for plaintiff, Tamara Kalesnik, hereby appoint Corey J. Gaul, Esq., as Trial Counsel.

>GAUL, BARATTA & ROSELLO
>Attorneys for Plaintiff, Tamara Kalesnik
>
>By_____
>    s/COREY GAUL, ESQ.

Dated: February 8, 2017